## LICHTMAN, et ux v. DADE COUNTY COMMISSION, et al.
### No. 69-9506.
Circuit Court, Dade County.

January 23, 1970.

Herman R. Lichtman, plaintiff, in pro. per.

Thomas C. Britton, County Attorney, Stuart Simon, Assistant County Attorney, for the defendants.

### HARVIE S. DuVAL, Circuit Judge.

This cause came on to be heard by the court at final hearing on January 20, 1970. The evidence adduced indicated that the plaintiff taxpayers are the owners of a substantial residence situated at 4990 S. W. 83 Street in Dade County in which they live and on which they receive homestead exemption. The property consists of just under one acre of land, approximately half of which is occupied by the residence, the swimming pool, walks, driveways, ornamental plants, trees, and open lawn areas immediately adjoining the residence. The other half of the property contains approximately 60 avocado trees, with the avocados harvested by the plaintiffs and sold on a commercial basis.

The plaintiffs applied through a timely filed petition to the board of county commissioners, sitting as the agricultural zoning board, in accordance with the provisions of §193.201, Florida Statutes, for the classification of a portion of the residential property as agricultural in order to obtain the preferential tax treatment accorded by law to agricultural properties. The county commissioners refused to grant agricultural status to any portion of the residential property following the rendering of two closely related administrative determinations. The first determination was that residential property or homesites would not be accorded preferential agricultural status. This determination was based on the statutory language which provides that the agricultural classification should be granted to lands only. The second administrative determination of the county commissioners was that a "homesite" should be defined in accordance with the governing use zoning affecting the property concerned. Because the zoning governing the use of the plaintiffs' property was EU-1, or one acre single family estates, the homesite area of the plaintiffs was considered to be one acre. In applying these administrative determinations to the plaintiffs' property, the commissioners decided not to grant agricultural status to any portion of the property because the homesite area ineligible for agricultural status was deemed to be one acre because of the use zoning then in effect, and the total property involved was just under one acre. The plaintiffs regarded this determination by the commissioners as improper and wrong, and filed suit challenging it in this court.

The court denies the relief sought by the plaintiffs and orders the cause dismissed, with prejudice. The statutory language of §193.201 makes clear that agricultural status is not to be accorded to homesites but only to lands actually used in bona fide farming operations. The county commissioners' decision to define the homesite area in terms of the minimum area legally required for a homesite under the controlling zoning ordinances seems to the court to be a reasonable and non-discriminatory system of classification calculated to effect the statutory purpose, i.e., of granting agricultural status to lands actually farmed but not including residential property within the farm.

The commissioners' administrative ruling also has the virtue of adopting a wholly objective criterion for determining when a home flower garden or tomato patch ceases and a farm begins. Without such line based on the use zoning requirements, green grass around a home could be called pasture land and ornamental gardens could be labelled nurseries. The commissioners' determination appears to the court to draw the line between the home garden and the farm reasonably and wholly objectively.